**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

UNIONTOWN NEWSPAPERS, INC.,
D/B/A THE HERALD STANDARD; AND
CHRISTINE HAINES,

              Respondents

        v.

PENNSYLVANIA DEPARTMENT OF
CORRECTIONS,

              Petitioner

: No. 561 MAL 2018
:
:
:
: Petition for Allowance of Appeal from
: the Order of the Commonwealth Court
:
:
:
:
:
:
:
:
:
:
:

UNIONTOWN NEWSPAPERS, INC.,
D/B/A THE HERALD STANDARD; AND
CHRISTINE HAINES,

              Respondents

        v.

PENNSYLVANIA DEPARTMENT OF
CORRECTIONS,

              Petitioner

: No. 779 MAL 2018
:
:
:
: Petition for Allowance of Appeal from
: the Order of the Commonwealth Court
:
:
:
:
:
:
:
:
:
:

## ORDER

**PER CURIAM**

    **AND NOW**, this 24th day of September, 2019, the Petition for Allowance of Appeal

is **GRANTED**, **LIMITED TO** the issues set forth below.  Allocatur is **DENIED** as to the

remaining issue. The first issue, as stated by petitioner, and the second issue as rephrased for clarity, are:

(1)     Where RTKL Section 65 P.S. § 67.1304 and § 67.1305 premise the award of sanctions and attorney fees on a finding of bad faith and willful and wanton behavior, can a court impose those penalties based on a finding that the RTK responder failed to personally and independently assess the universe of documents sought, instead relying on the statement of the Bureau functionaries that all otherwise responsive records are part of a noncriminal investigation, when any duty to independently and personally assess is not clearly delineated in either the statute or the case law?

(2)     Did the Commonwealth Court properly construe the statutory language of 65 P.S. § 67.1304 as authorizing an award of attorney fees when a court reverses a final determination of an agency rather than when a court reverses the final determination of the appeals officer?